**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23021-CIV-DAMIAN**

**RAYON SHERWIN PAYNE**,

Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY,**

Respondent.
_____________________________________________/

**ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner, Rayon Sherwin Payne's ("Payne" or "Petitioner"), *pro se* Amended Petition for Writ Of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, filed May 19, 2026. [ECF No. 6 (the "Amended Petition")]. Respondent, Department of Homeland Security,[1] filed a Response [ECF No. 13] to this Court's Second Order to Show Cause on June 12, 2026, and Petitioner filed a Reply on June 22, 2026 [ECF No. 15].

THE COURT has reviewed the Petition, the parties' briefing and supplemental submissions, the pertinent portions of the record, and relevant legal authority and is otherwise fully advised. For the reasons that follow, the Amended Petition is due to be denied without prejudice.

---

[1] As noted in the Response, Payne did not name the appropriate respondent in his Amended Petition. A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* at 439. Notwithstanding the foregoing, this Court has construed the Amended Petition liberally and will consider the merits of the Amended Petition.

## I. BACKGROUND[2]

Payne is a native and citizen of Guyana who was admitted into the United States on August 27, 1986. *See* Declaration of Supervisory Detention and Deportation Officer Rafael Ordonez [ECF No. 13-1 ("Ordonez Decl.") ¶ 5]; [ECF No. 5-2 at 2]. Payne adjusted his status to that of lawful permanent resident. [ECF No. 5-2 at 2].

***A. Criminal History.***

On August 21, 1995, Payne was convicted in the Ninth Judicial Circuit Court in Orange County, Florida, for the offenses of Battery and Criminal Mischief, in violation of Florida Statutes §§ 784.03 and 806.13. *See* Ordonez Decl. ¶ 7; *State of Florida v. Payne*, No. 1995-CF-003834-A-O (Fla. Ninth Cir. Ct.).[3] Payne was sentenced to one year of probation. Ordonez Decl. ¶ 7; [ECF No. 5-2 at 3].

On March 9, 2000, Payne was convicted in Orange County, Florida, for the offenses of Possession of Stolen or Otherwise Counterfeit Credit Card and Scheme to Defraud, in violation of Florida Statutes §§ 817.60(6)(A) and 817.034(4)(A)(3). Ordonez Decl. ¶ 8; *State of Florida v. Payne*, No. 1999-CF-007826-A-O (Fla. Ninth Cir. Ct.). After Payne pled guilty to the offenses, the trial court sentenced Payne to five years' imprisonment and ordered him to pay $10,659.42 in restitution. Ordonez Decl. ¶ 8; [ECF No. 5-2 at 3]. The conviction was later overturned on appeal on grounds Payne had not been advised of the potential deportation consequences when entering the guilty plea. *See Payne v. State*, 890 So. 2d 284, 285 (Fla. 5th

[2] The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is derived from the records provided by the Respondent as exhibits to the Response.

[3] This Court takes judicial notice of the record from the State criminal cases pursuant to Federal Rule of Evidence 201 and *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (citation omitted).

DCA 2004) ("Under these circumstances, [Payne] is entitled to an evidentiary hearing . . . because the present record does not conclusively show a lack of prejudice.").

On August 22, 2000, Payne pled *nolo contendere* and was convicted of Battery, in violation of Florida Statutes § 784.03. Ordonez Decl. ¶ 9; *State of Florida v. Payne*, No. 2000-CF-001729-B-O (Fla. Ninth Cir. Ct.). The court sentenced Payne to two days' imprisonment and one year probation. Ordonez Decl. ¶ 9; [ECF No. 5-2 at 3].

On August 27, 2002, following a jury trial, Payne was convicted of Sexual Battery on a physically helpless individual, in violation of Florida Statutes § 794.011(4)(A). Ordonez Decl. ¶ 10; *State of Florida v. Payne*, No. 2001-CF-006009-A-O (Fla. Ninth Cir. Ct.). Payne was sentenced to 120.15 months of incarceration. Ordonez Decl. ¶ 10.

After Payne's conviction for possession of stolen or otherwise counterfeit credit card and scheme to defraud was vacated, on April 29, 2004, the trial court granted his motion for post-conviction relief and vacated the judgment on the 2002 sexual battery conviction. Resp. at 3 (citing ECF No. 5-7). The State then filed a *nolle prosequi* for the sexual battery charge on April 4, 2005. *Id.*

***B. First Removal Proceedings.***

In September 2002, immigration officials encountered Payne at the Florida Reception Center in Orlando, Florida. Ordonez Decl. ¶ 11. At the time of this encounter, Payne had multiple convictions as his felony convictions had not yet been vacated. *Id.*; Resp. at 4 (citing ECF No. 5-3).

On August 8, 2003, the U.S. Department of Justice's Immigration and Naturalization Service ("INS") served Payne with a Notice to Appear ("NTA"), charging him as removable pursuant to sections 237(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act

("INA"), on grounds related to his criminal convictions. Ordonez Decl. ¶¶ 12–13; [ECF No. 5-4 at 1–4]. Specifically, the INS alleged that Payne had been convicted of "an aggravated felony" and "two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct," that is, his 2000 conviction for possession of stolen or otherwise counterfeit credit card and scheme to defraud and his 2002 conviction for sexual battery. [ECF No. 5-4 at 3-4]. Payne was ordered to appear before an Immigration Judge.

On January 12, 2004, an Immigration Judge ordered Payne removed to Guyana. [ECF No. 5-5]. Payne appealed the Removal Order to the Board of Immigration Appeals ("BIA"). Ordonez Decl. ¶ 15. On May 4, 2004, the BIA affirmed the Removal Order and dismissed the appeal. [ECF No. 5-6 at 2]. The BIA's decision noted that although Payne had filed post-conviction motions in attempts to vacate both criminal convictions listed in the NTA, "the availability of post-conviction motions or other forms of collateral attack does not affect the finality of a criminal conviction for immigration purposes, unless and until the conviction had been overturned pursuant to such motion." *Id.*

***C. Reconsideration Of Removal Order And Continuation Of Criminal Proceedings.***

On February 18, 2005, Payne was released from immigration custody on a $25,000 bond with an electronic monitor. Ordonez Decl. ¶ 18. On March 2, 2005, Payne filed a motion to reopen his immigration proceedings with the BIA on the grounds that his criminal convictions underlying his removal order had been vacated. [ECF No. 5-8]. On May 6, 2005, the BIA granted Payne's motion, vacated the January 12, 2004 removal order, and remanded the case to the Executive Office of Immigration Review ("EOIR") for further proceedings. *Id.* at 2. On July 12, 2005, the EOIR terminated the removal proceedings against Payne. [ECF No. 5-9].

On August 12, 2005, the State of Florida resumed its prosecution against Payne for two counts of Attempted Possession of Stolen Credit Card, in violation of Florida Statutes § 777.04 and 817.60(6)(a). Resp. at 5 (citing ECF No. 5-11). That same day, Payne pled *nolo contendere*, was adjudicated guilty, and was sentenced to eleven months' incarceration followed by one year of probation. *Id.* Payne was also ordered to pay $279.28 in restitution to the victim. *Id.*

***D. Current Removal Proceedings.***

On March 4, 2026, Payne was encountered by Enforcement and Removal Operations ("ERO") and served with a Warrant for Arrest of Alien, Form I-200. Ordonez Decl. ¶ 24; [ECF No. 5-12]. DHS served Payne with a NTA, charging him as removable under Section 237(a)(2)(A)(ii) of the INA, as amended, "in that, at any time after admission, Petitioner has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." [ECF No. 5-13]. DHS found removal proper based on Payne's 2005 conviction for two counts of attempted possession of stolen credit card and because, on August 9, 2005, Payne had allegedly falsely represented himself to be a citizen of the United States for the purpose of registering to vote with the Supervisor of Elections in Orange County, Florida *Id.* Also on March 4, 2026, DHS served Payne with a Notice of Custody Determination, Form I-286, informing him that he was being detained pending a final determination of his case. [ECF No. 5-14]. Payne signed the Form I-286 but did not check the box acknowledging receipt of the notification or the box requesting that an Immigration Judge review his custody determination. *Id.* Payne later requested a custody redetermination hearing before the Immigration Court. [ECF No. 5-15].

On March 24, 2026, Payne, through counsel, appeared at a custody redetermination hearing and, after being informed of the available options, declined to proceed with the hearing. Ordonez Decl. ¶ 29. The Immigration Judge took no action on Payne's request for a change in custody status. [ECF No. 5-16].

Then, Payne appeared before an Immigration Judge for a master calendar hearing on May 4, 2026, to address the removal charges. Ordonez Decl. ¶ 30. The Immigration Judge sustained the charge of removability, pursuant to Section 237(a)(3)(D) of the INA, as to the allegation that Payne had falsely represented himself to be a citizen of the United States for any purpose or benefit under the INA or any Federal or State law, and reserved ruling on the Section 237(a)(2)(A)(ii) charge (*i.e.*, conviction of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct). *Id.*

On May 21, 2026, Payne, proceeding *pro se*, filed a motion to terminate his immigration proceedings. Ordonez Decl. ¶ 31. On May 22, 2026, the Principal Legal Advisor for DHS and Immigration and Customs Enforcement ("ICE") filed a motion in support of sustaining all charges in the NTA. *Id.* ¶ 32. While the foregoing motions were pending, on June 11, 2026, Payne appeared before an Immigration Judge for a custody redetermination hearing. Ordonez Decl. ¶ 34. The Immigration Judge found that Payne did not meet his burden for a bond hearing. *Id.* The Immigration Judge entered a "no action" order, reserving judgment until the pending motions were adjudicated. *Id.*

On July 1, 2026, Payne appeared before an Immigration Judge for a merits hearing on his removal proceedings. The Immigration Judge sustained the two charges of removability pursuant to Sections 237(a)(2)(A)(ii) and 237(a)(3)(D) of the INA and ordered Payne removed to Guyana. [ECF No. 31-1 (Written Decision of the Immigration Judge)]. Payne remains in ICE custody pending his removal proceedings.

***E. The Amended Petition.***

On May 19, 2026, Payne filed the instant Amended Petition for a Writ of Habeas Corpus, challenging his continued detention by immigration officials. [ECF No. 6]. In the Amended Petition, Payne argues that (1) his detention violates due process because his prior convictions were vacated and he never claimed to be a U.S. citizen; (2) DHS violated his constitutional rights by submitting "false information to the court"; and (3) DHS is barred from bringing the removal proceedings pursuant to the doctrine of *res judicata* and collateral estoppel because DHS was a party in the 2003–2005 proceedings. Payne requests his immediate release.

On June 12, 2026, Respondent filed a Response to the Amended Petition asserting that Payne is subject to mandatory detention under 8 U.S.C. § 1226(c) as a result of his conviction for attempted possession of stolen credit card, in violation of sections 777.04 and 817.60(6)(a), Florida Statutes. Resp. at 7. In his Reply, Payne does not address Respondent's argument regarding mandatory detention and, instead, reiterates his prior arguments that Respondents are barred from "bring this action to deport" him based on the doctrine of *res judicata*. Reply at 2.

After the matter was fully briefed, on June 25, 2026, Petitioner filed the following four motions:

(1) Motion for Temporary Injunction and Protective Order for Safety [ECF No. 16];

(2) Motion for Order to Compel Respondent to Authenticate Document and Notice to the Court that Document May Be Fake [ECF No. 17];

(3) Motion for Order Staying All Immigration Proceedings [ECF No. 18]; and

(4) Notice to the Court that Respondent Has Committed Fraud on the Court and Request for an Evidentiary Hearing [ECF No. 19].

Respondents filed a Response to Petitioner's Motions on July 9, 2026. [ECF No. 24]. Thereafter, Respondent sought leave to conventionally file an audio recording of Petitioner's final merits hearing in immigration court held on July 1, 2026, in lieu of a written transcript. [ECF No. 25]. This Court granted Respondents' request [ECF No. 26], and, on July 14, 2026, Respondent filed the administrative audio recording with the Clerk. [ECF No. 27].

On August 3, 2026, after review of the audio recording, this Court directed Respondents to file a copy of the Immigration Judge's written decision from the July 1, 2026 hearing. [ECF No. 30]. Respondents filed the Immigration Judge's written decision on August 4, 2026. [ECF No. 31].

Without seeking leave of Court, on July 17, 2026, Petitioner filed Supplemental Documents in Support of the Amended Petition [ECF No. 28]. Petitioner has also filed several motions seeking to supplemental the record (*see* ECF Nos. 34, 35, 38, 39) and for the Court to take judicial notice (*see* ECF No. 36).

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondent argues that Payne is subject to mandatory detention, pending removal, under 8 U.S.C. § 1226(c) based on his prior criminal convictions. Specifically, Respondent

points to Payne's 2005 conviction for two counts of Attempted Possession of Stolen Credit card, in violation of sections 777.04 and 817.60(6)(a), Florida Statutes. Although the procedural history of Payne's State and Immigration court proceedings is a little tangled, ultimately, under applicable authorities, Payne's detention is Constitutional.

***A. Petitioner Is Subject To Mandatory Detention Under 8 U.S.C. § 1226(c).***

Petitioner is in custody pursuant to 8 U.S.C. § 1226(c), under which the Attorney General ***shall*** detain criminal aliens. *See* 8 U.S.C. § 1226(a) & (c). Relevant here, the statute provides that the Attorney General

> shall take into custody any alien who . . . is inadmissible under paragraph 6(A), 6(C) or (7) of section 1182(a) of this title; *and* is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

8 U.S.C. § 1226(c)(1)(E)(i)–(ii) (emphasis added). In turn, Section 1182(a)(6)(C)(ii) of the INA, provides that "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law is inadmissible."

As alleged in the March 4, 2026 NTA, Payne was charged as removable pursuant to Section 237(a)(3)(D) of the INA, 8 U.S.C. § 1227(a)(3)(D), for having falsely represented himself to be a citizen of the United States when he registered to vote. [ECF No. 5-13]. The Immigration Judge sustained this charge at the July 1, 2026 hearing. *See* ECF No. 31-1. Payne is therefore inadmissible pursuant to Section 1182(a)(6)(C). This Court acknowledges that Payne has raised numerous challenges regarding the false claim of citizenship charge. Those

challenges, however, are not before this Court.[4] And, in any event, as noted above, Payne is also subject to mandatory detention based on his August 12, 2005, conviction for attempted possession of stolen credit card, a crime which involved theft under Fla. Stat. § 817.60. *See* 8 U.S.C. § 1226(c)(1)(E).[5]

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under 8 U.S.C. § 1226. The Court considered an as-applied challenge to mandatory detention under § 1226(c) and held that the mandatory detention of criminal aliens was constitutional where it continues to serve its purported immigration purpose. 538 U.S. 510, 527–28 (2003). In *Jennings v. Rodriguez*, the Court held that § 1226 "mandates detention of any alien failing within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." 583 U.S. 281, 305 (2018). The Court also held that aliens detained for immigration proceedings under the provisions at issue were not entitled to periodic bond hearings. *See id.* at 312. Based on these precedents, under which this Court is bound, Payne's mandatory detention pursuant to § 1226(c) is constitutional, and, therefore, he has not shown that his detention is unconstitutional or warrants habeas relief.

---

[4] This Court lacks jurisdiction to review Petitioner's challenges to his removability, including the basis for his removal. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Julien v. U.S. Att'y Gen.*, 711 F. App'x 965, 966 (11th Cir. 2017).

[5] Contrary to Payne's argument, that he is being unlawfully detained based on "overturned convictions," the March 4, 2026 NTA includes Payne's 2005 conviction for *attempted* possession of stolen credit card (which was not vacated) not his "1999 credit card fraud" conviction. Am. Pet. at 3. In the Reply, Payne acknowledges that, on August 12, 2005, he "re-enter[ed] a plea in Case # 1999-CF-7826, to two counts of 'Attempted Possession of Stolen Credit Card[.]'" Reply at 2. Therefore, *res judicata* does not bar the current immigration removal proceeding because the current charges are different from the charges in the first removal proceeding. *See* Resp. at 14–16.

***B. Petitioner's Detention Does Not Violate Due Process.***

The Eleventh Circuit has noted that "[w]hile *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199 (11th Cir. 2016) ("*Sopo I*"), *vacated on other grounds*, 890 F.3d 952 (11th Cir. 2018). In *Sopo I*, the Eleventh Circuit indicated that "[t]he need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness." *Id.* at 1217.[6]

Here, Payne has been in immigration detention for eight months, since March 4, 2026. This Court finds that his detention does not yet raise due process concerns. *See, e.g.*, *Rampersadsingh v. DHS*, No. 23-cv-20709-WPD (S.D. Fla. March 17, 2023), ECF No. 11 (Dimitrouleas, J.) (finding that the petitioner's thirteen-month detention pending removal proceedings under § 1226(c) was not in violation of the Fifth Amendment Due Process Clause because the "Supreme Court's *Demore* and *Jennings* decisions foreclose Petitioner's claim that

[6] Although *Sopo I* was vacated by the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), courts within this Circuit continue to rely on it as persuasive authority in determining whether prolonged pre-removal detention passes constitutional muster. *See e.g.*, *De Armas Cabrera v. Assistant Field Off. Director, Krome N. Serv. Processing Ctr.*, No. 26-cv-21178, 2026 WL 1953107, at *3 n.2 (S.D. Fla. July 6, 2026) (Becerra, J.); *Olave v. Warden, South Fla. Detention Facility*, No. 2:26-cv-01883, 2026 WL 1827545 (M.D. Fla. June 25, 2026) (finding that the petitioner's three-month detention pending removal proceedings under § 1226(c) did not yet raise due process concerns); *Gabrius v. Dep't of Homeland Sec.*, No. 24-22680-CIV, 2024 WL 5046042 (S.D. Fla. Sept. 10, 2024) (Martinez, J.); *Warsame v. Meade*, No. 20-CV-22401-CMA, 2020 WL 13551825, at *3 (S.D. Fla. Aug. 18, 2020) (Altonaga, J.).

his continued detention is unconstitutional"). The Court also notes that during the July 1, 2026 hearing before the immigration judge, Payne unequivocally stated that he would not be filing an application for cancellation of removal and that he did not fear returning to Guyana and was not seeking any form of fear-based protection or relief. [ECF No. 31-1 at 3].

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Amended Petition for Writ of *Habeas Corpus* [**ECF No. 6**] is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

The Clerk is DIRECTED to mail a copy of this Order to Petitioner at the addresses listed below.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 18th day of November, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Rayon Sherwin Payne, *Pro Se*,
A#041-189-506
Krome SPC
Inmate Mail/Parcels
18201 SW 12th St
Miami, FL 33194

Rayon Sherwin Payne
233 Wyona Street
Brooklyn, NY 11207